Dear Mr. Hughes:
You have requested an opinion of the Attorney General, in your capacity as Legal Counsel to the East Feliciana Parish Police Jury (Parish), regarding the payment of group medical insurance premiums (premiums) for Parish retirees. You specifically ask whether the Parish can pay the premiums for its retirees, but limit the payment of same to retired employees who have served a stipulated number of years of satisfactory service.
Initially, it should be noted that this office has held that a political subdivision of the state (e.g., the Parish) may pay all or any portion of the premiums for its employees, elected officials and retirees. Attorney General Opinion Nos. 97-234, 94-448 and 92-547.
In Opinion No. 97-234, we addressed the issue of whether a levee district could pay 100% of the premiums for its active employees, but only 50% for its retired employees. Therein, we concluded that, while R.S. 33:5151 authorized the payment of all or a portion of the premiums for its active employees and officials, it does not require that retirees and active employees receive the same benefit:
 This office has recognized all or any portion of the premiums may be paid by the political subdivision for its employees, elected officials and retirees without violating the constitutional provision that prohibits donation of public funds. However, it does not appear that this office has ever concluded the premiums payments contributed for the active employees in a political subdivision and its retirees must be the same, and we do not find any provision of law that would require these groups be treated the same. There cannot be discrimination between individuals in the same class, but different classes do not have to be treated equally. (Emphasis added.)
The issue before us it not whether active employees can be treated differently from retirees. Rather, it is whether the Parish can treat individual members of the same class (i.e., retirees) unequally. To resolve this issue, we must examine Article I, Section 3 of the Louisiana Constitution of 1974. It provides:
 § 3. Right to Individual Dignity
 Section 3. No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
Our Courts have held that Article I, Section 3 contains an equal protection, or "individual dignity" clause, unlike that of any other state's constitution or the United States Constitution.Sibley v. Board of Supervisors of Louisiana State University,
477 So.2d. 1094 (La. 1985). Therein, the Court recognized language which evidenced an intent to expand the scope of protection provided by the guarantee of equal protection under our constitution beyond that provided by the Fourteenth Amendment to the United States Constitution.
This office has opined that the state and its political subdivisions are accorded wide latitude in the regulation of their local economies under their police powers. City of NewOrleans v. Dukes, 427 U.S. 297 (1976) and Attorney General Opinion No. 92-287. However, the application of this regulatory power must be balanced against, and limited by, the broad protective provisions of Article I, Section 3.
Our Supreme Court has held that Article I, Section 3 commands the court to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it must be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition or political ideas or affiliations, its enforcement shall be refused unless the state and/or other advocates of the classification show that the classification has a reasonable basis; and (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest. Med Express Ambulance Service, Inc. v.Evangeline Parish Police Jury, 684 So.2d 359 (La. 1996) rehearing denied.
In Lewis v. Roemer, et al, 696 So.2d 252 (La.App. 4th Cir. 1997), the issue before the Court was the constitutionality of a statute that authorized school boards to adopt and implement policies and procedures providing for reductions in work force for all employees, except teachers. Plaintiff, a tenured non-teacher who was terminated, argued that this classification violated his constitutional right of equal protection. The court disagreed, stating that the school board's primary purpose was to educate children. The court held that the proper test to determine constitutionality is whether the classification suitably furthered an appropriate governmental interest. Thus, it found a rational classification existed to distinguish between teachers and non-teachers since teachers are absolutely necessary to the school board's primary purpose and function of educating children.
As previously noted, the issue before us is the unequal treatment of Parish retirees — members within the same classification. We have been provided with no evidence to indicate that the discriminatory treatment of parish retirees can be justified on the basis that it rationally relates to a legitimate governmental interest. Further, one could conceivably argue that the discriminatory treatment of parish retirees on the basis of the minimum number of years of satisfactory service constitutes age discrimination, thereby requiring a much more stringent burden for justification.
Accordingly, it is the opinion of this office that a plan, under which the Parish limits the payment of group medical insurance premiums to retirees who have served a stipulated minimum number of years of satisfactory service, is subject to challenge under Article I, Section 3, of the Louisiana Constitution of 1974, in the absence of a rationally related legitimate governmental interest.
The opinion expressed herein should not be construed as prohibiting police juries and other political entities from establishing prorated benefit programs based on the existence of a rational classification. Rather, this opinion is limited to the specific factual scenario presented in your request.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj